SPENCER FANE LLP
Andrew M. Federhar (No. 006567)
Jessica A. Gale (No. 030583)
2425 East Camelback Road, Suite 850
Phoenix, AZ  85016-4251
Telephone:  (602) 333-5430
Fax:  (602) 333-5431
afederhar@spencerfane.com
jgale@spencerfane.com

Attorneys for Defendants Humana Insurance Company and Humana Health Plan, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SHERRIN ROSE, an individual, | Case No. |
| Plaintiff, | (Removal from Yavapai County Superior Court No. 201700336) |
| v. | **NOTICE OF REMOVAL** |
| HUMANA INSURANCE COMPANY, a Kentucky corporation; HUMANA HEALTH PLAN, INC., a Kentucky corporation; JOHN DOES I-X and JANE DOES I-X; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS I-X, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(b), Defendants Humana Insurance Company and Humana Health Plan, Inc. (collectively the "Humana Defendants") provide notice of their removal of the action entitled *Sherrin Rose v. Humana Insurance Company, et al.*, Yavapai County Superior Court No. 20170036 (the "Action"), to the United States District Court for the District of Arizona, Phoenix Division.

The Humana Defendants are permitted to remove the Action because the Court has

jurisdiction over Plaintiff's Complaint based upon diversity. Specifically, there is complete diversity of citizenship between Plaintiff and the Humana Defendants and the amount in controversy exceeds $75,000. The following facts and analysis support the Humana Defendants' Notice of Removal.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2017, Plaintiff filed her Complaint, alleging claims of breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment/quantum meruit, and interference with business expectancies, arising out of a dispute over the Humana Defendants' termination of Plaintiff's Group Producing Agent Contract. The Humana Defendants were served with a copy of the Summons, Complaint and Certificate of Compulsory Arbitration by personal service on its statutory agent on May 22, 2017. This Notice of Removal is being filed within 30 days of service.

## II.   LEGAL ANALYSIS

The Action is removable pursuant to 28 U.S.C. § 1441(a) because the district courts of the United States have original jurisdiction over the Action. Specifically, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the Action is between citizens of different states and the matter in controversy exceeds the statutory sum or value of $75,000.00, exclusive of interest and costs.

### A.   Plaintiff and the Humana Defendants are diverse in citizenship.

Plaintiff is a resident of Yavapai County, Arizona. Complaint ¶ 1. Plaintiff is therefore a citizen of Arizona, the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (a natural person's state citizenship is determined by the party's state of domicile).

The two Humana Defendants are corporations. Each corporate entity is considered to be a citizen of the state where it is incorporated and of the state where it has its

principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Humana Insurance Company is a Wisconsin corporation with its principal place of business in DePere, Wisconsin. Exhibit A, Kentucky Corporation Commission Information for Humana Insurance Company, Inc. Humana Health Plan, Inc. is a Kentucky corporation, with its principal place of business in Louisville, Kentucky. Exhibit B, Arizona Corporation Commission Information for Humana Health Plan, Inc. Plaintiff has also asserted claims against several fictitious defendants. "[T]he citizenship of defendants sued under fictitious names shall be disregarded for the purposes of removal." *Dream Team Holdings LLC v. Alarcon*, No. CV-16-01420-PHX-DLR, 2016 U.S. Dist. LEXIS 140196, *10 (D. Ariz. Oct. 7, 2016) (quoting *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)). As such, complete diversity of citizenship exists between Plaintiff and Humana.

### B.   The jurisdictional amount in controversy is sufficient for removal.

Under 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" The amount in controversy in this Action exceeds the sum or value of $75,000.00, exclusive of interest and costs. In fact, it is "facially apparent" from the Complaint that the amount in controversy exceeds $75,000. *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 690 (9th Cir. 2006). Humana denies that it acted improperly, caused Plaintiff any damage or is liable in the Action, but Plaintiff's Complaint affirmatively alleges that Plaintiff is seeking damages in excess of $163,000. *See* Complaint ¶¶ 30–32.

Plaintiff's Complaint also seeks additional damages for the torts of bad faith (Count Two) and interference with business expectancies (Count Four), punitive damages, and an award of attorneys' fees, all of which are considered for the purposes of calculating the amount in controversy. *See Bradshaw Home Med. Equip., L.L.C. v. Hospice Family*

1  *Care*, No. 13-CV-8218-PCT-PGR, 2013 WL 6228657, at *2 (D. Ariz. Dec. 2, 2013);
2  *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003).

3       It is only when a complaint fails to allege a specific amount of damages that the
4  removing party has to prove by a preponderance of evidence that the amount in
5  controversy meets the diversity jurisdictional amount of $75,000. *Gaus v. Miles, Inc.* 980
6  F.2d 564, 567 (9th Cir. 1992). Here, the amount in controversy is "facially apparent"
7  from Plaintiff's Complaint. Therefore, Humana has shown that the amount in controversy
8  exceeds $75,000, and the case is eligible for removal based on diversity jurisdiction.

9       **C.  The requirements of 28 U.S.C. §§ 1446(b)(1) and (b)(2) are met.**

10      In accordance with 28 U.S.C. § 1446(b), Humana's Notice of Removal is timely
11 filed. Humana was served with a copy of the Summons, Complaint and Certificate of
12 Compulsory Arbitration by personal service on May 22, 2017. *See* Exhibit C. Pursuant to
13 28 U.S.C. § 1446(a), a notice of removal must be filed within thirty (30) days after the
14 defendant's receipt of "a copy of the initial pleading setting forth the claim for relief upon
15 which such action or proceeding is based." Accordingly, Humana's Notice of Removal
16 dated June 9, 2017, is timely. Removal is also sought within one year after
17 commencement of the Action, so the timeliness requirement of 28 U.S.C. § 1446(c) is
18 likewise met.

19 **III.  LIST OF ATTACHED PROCESS, PLEADINGS AND ORDERS**

20      Pursuant to 28 U.S.C. § 1446(a) and L.R. Civ 3.6, Humana attaches to this notice
21 true and complete copies of all pleadings and other documents filed in the state court
22 proceeding and served upon them in the Action. *See* Exhibit C.

23 **IV.  SERVICE OF NOTICE OF REMOVAL**

24      Pursuant to 28 U.S.C. § 1446(d), and contemporaneous with the filing of the
25 instant Notice of Removal, Humana is filing a Notice of Removal to Federal Court with
26 the Yavapai County Superior Court regarding the filing of this Notice of Removal, and

which satisfies the requirements of 28 U.S.C. § 1446(d).

DATED this 9th day of June, 2017.

                                  SPENCER FANE LLP

                                  By *s/ Andrew M. Federhar*
                                        Andrew M. Federhar
                                        Jessica A. Gale
                                        Attorneys for Defendants Humana Insurance Company and Humana Health Plan, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of June, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David W. Williams
DAVIS MILES McGUIRE GARDNER
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ  85281
efile.dockets@davismiles.com
Attorney for Plaintiff


                                  *s/ Katrina Thomas*