# EXHIBIT A

## HUMANA INSURANCE COMPANY

### General Information

| | |
|---|---|
| **Organization Number** | 0837079 |
| **Name** | HUMANA INSURANCE COMPANY |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FCO - Foreign Corporation |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | WI |
| **File Date** | 8/30/2012 |
| **Authority Date** | 8/30/2012 |
| **Last Annual Report** | 5/17/2016 |
| **Principal Office** | 1100 EMPLOYERS BOULEVARD DEPERE, WI 54114 |
| **Registered Agent** | Corporation Service Company 421 WEST MAIN STREET FRANKFORT, KY 40601 |

### Current Officers

| | |
|---|---|
| **President** | Bruce D Broussard |
| **Vice President** | Hank Robinson |
| **Secretary** | Joan O Lenahan |
| **Treasurer** | Alan Bailey |
| **Director** | Brian A Kane |
| **Director** | Bruce D Broussard |
| **Director** | James E Murray |
| **CFO** | Brian Kane |

### Individuals / Entities listed at time of formation

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 5/17/2016 | 1 page | PDF | |
| Registered Agent name/address change | 10/27/2015 2:53:36 PM | 1 page | PDF | |
| Annual Report | 3/24/2015 | 1 page | PDF | |
| Annual Report | 4/22/2014 | 1 page | PDF | |
| Annual Report | 6/4/2013 | 1 page | PDF | |
| Application for Certificate of Authority(Corp) | 8/30/2012 | 18 pages | tiff | PDF |

### Assumed Names

Welcome to Fasttrack Organization Search

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual report | 5/17/2016<br>11:55:53 AM | 5/17/2016<br>11:55:53 AM | |
| Registered agent address change | 10/27/2015<br>2:53:36 PM | 10/27/2015<br>2:53:36 PM | |
| Annual report | 3/24/2015<br>1:40:10 PM | 3/24/2015<br>1:40:10 PM | |
| Annual report | 4/22/2014<br>11:44:12 AM | 4/22/2014<br>11:44:12 AM | |
| Annual report | 6/4/2013<br>9:03:53 AM | 6/4/2013<br>9:03:53 AM | |
| Add | 8/30/2012<br>1:20:21 PM | 8/30/2012 | |

## Microfilmed Images

# EXHIBIT B

Search Date and Time:
**5/30/2017 8:24:59 AM**

File Number:
**F00365371**

Corporation Name:
**HUMANA HEALTH PLAN, INC.**

| Annual Report Email Reminders |
|---|

| eFile Annual Report |
|---|

| Print Annual Report Form |
|---|

Collapse | Expand

Corporate Inquiry                                                                                          ▲

| **File Number** | F00365371 |
|---|---|
| **Corporation Name** | HUMANA HEALTH PLAN, INC. |
| **Standing** | Check Corporate Status |

Domestic Address                                                                                           ▲

2338 W ROYAL PALM RD STE J
PHOENIX, AZ 85021

Foreign Address                                                                                            ▲

500 W MAIN ST
LOUISVILLE, KY 40202

Statutory Agent Information                                                                                 ▲

Agent Name: CORPORATION SERVICE COMPANY

**Agent Mailing/Physical Address:**
2338 W ROYAL PALM RD STE-J
PHOENIX, AZ 85021

Agent Status: APPOINTED 04/20/1999

Additional Entity Information                                                                               ▲

| **Entity Type:** PROFIT | **Business Type:** HMO |
|---|---|
| **Incorporation Date:** 7/17/1986 | **Corporation Life Period:** PERPETUAL |
| **Domicile:** KENTUCKY | **County:** MARICOPA |
| **Approval Date:** 7/17/1986 | **Original Publish Date:** 8/28/1986 |

Officer Information                                                                                         ▲

| Name | BRUCE D BROUSSARD |
| --- | --- |
| Title | PRESIDENT/CEO |
| Address | 500 WEST MAIN ST<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |
| Name | JOAN O LENAHAN |
| Title | SECRETARY |
| Address | 500 W MAIN ST<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |
| Name | ALAN BAILEY |
| Title | TREASURER |
| Address | 500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |
| Name | HANK ROBINSON |
| Title | VICE-PRESIDENT |
| Address | 500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |

Director Information ▲

| Name | JAMES E MURRAY |
| --- | --- |
| Title | DIRECTOR |
| Address | 500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |
| Name | BRUCE BROUSSARD |
| Title | DIRECTOR |
| Address | 500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |
| Name | BRIAN KANE |
| Title | DIRECTOR |
| Address | 500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| Date of Taking Office | 04/28/2016 |
| Last Updated | 03/30/2017 |

Annual Reports ▲

Case 3:17-cv-08107-DGC  Document 1-1  Filed 06/09/17  Page 7 of 23

Next Annual Report Due: 4/17/2018

| | |
|---|---|
| File Year | 2017 |
| File Month | 4 |
| Date Received | 3/29/2017 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2016 |
| File Month | 4 |
| Date Received | 2/1/2017 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2015 |
| File Month | 4 |
| Date Received | 1/22/2015 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2014 |
| File Month | 4 |
| Date Received | 1/28/2014 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2013 |
| File Month | 4 |
| Date Received | 4/8/2013 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2012 |
| File Month | 4 |
| Date Received | 4/13/2012 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2011 |
| File Month | 4 |
| Date Received | 4/11/2011 |
| Reason Returned | |
| Date Returned | |
| Extension | |

| File Year | 2010 |
|---|---|
| File Month | 4 |
| Date Received | 4/1/2010 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2009 |
| File Month | 4 |
| Date Received | 3/4/2009 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2008 |
| File Month | 4 |
| Date Received | 3/3/2008 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2007 |
| File Month | 4 |
| Date Received | 4/2/2007 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2006 |
| File Month | 4 |
| Date Received | 4/10/2006 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2005 |
| File Month | 4 |
| Date Received | 2/18/2005 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2004 |
| File Month | 4 |
| Date Received | 7/2/2004 |
| Reason Returned | |
| Date Returned | |
| Extension | |

Case 3:17-cv-08107-DGC  Document 1-1  Filed 06/09/17  Page 9 of 23

| File Year | 2003 |
|---|---|
| File Month | 4 |
| Date Received | 8/25/2003 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2002 |
| File Month | 4 |
| Date Received | 3/11/2002 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2001 |
| File Month | 4 |
| Date Received | 4/13/2001 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2000 |
| File Month | 4 |
| Date Received | 4/13/2000 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1999 |
| File Month | 4 |
| Date Received | 4/20/1999 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1998 |
| File Month | 4 |
| Date Received | 8/25/1998 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1996 |
| File Month | 12 |
| Date Received | 9/9/1997 |
| Reason Returned | |
| Date Returned | |
| Extension | |

# EXHIBIT C

5/22/17
11:35am

1

**⊞Davis Miles**

2   McGuire Gardner

3   40 E. Rio Salado Parkway, Suite 425
    Tempe, AZ 85281
4   Telephone: (480) 733-6800
    Fax: (480) 733-3748
5   efile.dockets@davismiles.com

6   David W. Williams, State Bar No. 22764
    *Attorneys for Plaintiff*
7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF YAVAPAI

10  SHERRIN ROSE, an individual,              **CASE NO.**   2 0 1 7 0 0 3 3 6

11              Plaintiff,

12  vs.                                        **SUMMONS**

13  HUMANA INSURANCE COMPANY, a
14  Kentucky corporation, HUMANA HEALTH
    PLAN, INC., a Kentucky corporation, JOHN
15  DOES 1 – X and JANE DOES 1 – X; ABC
16  CORPORATIONS 1 – X; BLACK AND
    WHITE PARTNERSHIPS and/or SOLE
17  PROPRIETORSHIPS 1 – X,

18              Defendants.

19
        THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANTS:
20

21                  **HUMANA INSURANCE COMPANY**
                    **HUMANA HEALTH PLAN, INC.**
22              **JOHN DOES 1 – X and JANE DOES 1 – X;**
                    **ABC CORPORATIONS 1 – X**
23  **BLACK AND WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS 1 – X,**
24

25       YOU ARE HEREBY SUMMONED and required to appear and defend, within the
26  time applicable, in this action in this Court. If served within Arizona, you shall appear and
    defend within twenty (20) days after the service of the Summons and Complaint upon you,
27  exclusive of the day of service. If served out of the State of Arizona  whether by direct
    service, by registered or certified  mail, or by publication  you shall appear and defend
28

1   within thirty (30) days after the service of the Summons and Complaint upon you is
2   complete, exclusive of the day of service.   Where process is served upon the Arizona
    Director of Insurance as an insurer's attorney to receive service of legal process against it in
3   this state, the insurer shall not be required to appear, answer or plead until expiration of
4   forty (40) days after date of such service upon the Director.   Service by registered or
    certified mail without the State of Arizona is complete thirty (30) days after the date of
5   filing the receipt and affidavit of service with the Court.  Service by publication is complete
6   thirty (30) days after the date of first publication.  Direct service is complete when made.
    Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after
7   filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §§
8   20-222, 28-502, 28-503.

9        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
10   within the time applicable, judgment by default may be rendered against you for the relief
    demanded in the Complaint.

11
        YOU ARE CAUTIONED that in order to appear and defend, you must file an
12   Answer or proper response in writing with the Clerk of this Court, accompanied by the
13   necessary filing fee, within the time required, and you are required to serve a copy of any
    Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. § 12-311; RCP 5.
14
15        REQUESTS for reasonable accommodation for persons with disabilities must be
    made to the division assigned to the case by parties at least three (3) judicial days in
16   advance of a scheduled court proceeding.

17
        REQUESTS for an interpreter for persons with limited English proficiency
18   must be made to the office of the judge or commissioner assigned to the case, at least (10)
19   judicial days before your scheduled court date.

20        The name and address of Plaintiff's attorneys are:

21                    **DAVIS MILES MCGUIRE GARDNER, PLLC**
22                    **David W. Williams**
                      40 E. Rio Salado Parkway, Suite 425
23                    Tempe, AZ 85281
24                    Tel. (480) 733-6800

'25   SIGNED AND SEALED this date:_____ MAY - 2 2017

26

27                              By: _____ M FEIGHTER
                                        Deputy Clerk
28

ORIGINAL FILED THIS
DAY OF____MAY _ 2  2017
DONNA McQUALITY
Clerk of Superior Court
By:_____
      M PEICHTER

**⏛Davis Miles**

**McGuire Gardner**
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

David W. Williams, State Bar No. 22764
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| SHERRIN ROSE, an individual, | **CASE NO.** |
| Plaintiff, | **2 0 1 7 0 0 3 3 6**<br>**COMPLAINT** |
| vs. | |
| HUMANA INSURANCE COMPANY, a Kentucky corporation, HUMANA HEALTH PLAN, INC., a Kentucky corporation, JOHN DOES 1 – X and JANE DOES 1 – X; ABC CORPORATIONS 1 – X; BLACK AND WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS 1 – X, | |
| Defendants. | |

Plaintiff Sherrin Rose ("Plaintiff"), through her undersigned counsel, hereby submits the following as her Complaint against Defendants:

### PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Sherrin Rose is a resident of Yavapai County, Arizona.

2.   Defendant Humana Insurance Company is a Kentucky corporation that has directed its activities to the State of Arizona.

1

3.      Defendant Humana Health Plan, Inc. is a Kentucky corporation authorized to do business in Arizona.

4.      Humana Insurance Company and Humana Health Plan are collectively referred to as "Humana."

5.      At all times material, Defendants John Does I-X and Jane Does I-X were either residents of the State of Arizona or have caused an event to occur in the State of Arizona out of which this Complaint arose.

6.      At all times material, Defendants ABC Corporations I-X was either residents of the State of Arizona or has caused an event to occur in the State of Arizona out of which this Complaint arose.

7.      At all times material, Defendants Black and White Partnerships and/or Sole Proprietorships I-X were either residents of the State of Arizona or have caused an event to occur in the State of Arizona out of which this Complaint arose.

8.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does I-X, ABC Corporations 1-X and Black and White Partnerships and/or Sole Proprietorships I-X, inclusive, are unknown to Plaintiff who sues unknown defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated as Does 1-X, ABC Corporations 1-X and Black and White Partnerships and/or Sole Proprietorships I-X are legally responsible in some manner for the events and happenings referred to in this Complaint, and are proximately responsible for the injuries and damages suffered by Plaintiff as alleged in this Complaint.

9.      At all times material, the Defendants caused events to occur within Maricopa County, State of Arizona out of which this Complaint arises, and therefore jurisdiction and venue in this Court are proper.

2

1           <u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

2       12.    Plaintiff is a licensed insurance broker who specializes in the sale of insurance

3 products, including Medicare insurance products, to senior citizens.

4       13.    Plaintiff has worked in the insurance industry since 1980 and has worked

5 tirelessly to develop a reputation and character of dependability and integrity in how she

6 approaches the needs of her clients and helps them meet their insurance needs.

7       14.    Plaintiff maintains an active insurance practice in Prescott, Arizona.

8       15.    Humana is one of a few insurance carriers that offer Medicare Advantage and

9

10 Medicare insurance products for sale in Yavapai County, Arizona, where Ms. Rose

maintains a majority of her client base and prospective clients.

11       16.    On August 31, 2004, Plaintiff signed a "Group Producing Agent Contract"

12

13 ("Agreement") with Humana, which allowed Plaintiff to market and sell Humana's

Medicare products to various qualified clients.

14

15       17.    Pursuant to the Agreement, Ms. Rose was entitled to commissions on the

16 Humana Medicare insurance products that she sold to third-party clients on behalf of

17 Humana.

18       18.    At all times, Ms. Rose was in compliance with all requirements of the

19 Agreement, and continued to maintain necessary certifications and qualifications required

20 by State and Federal law applicable to the sale of insurance products, including Medicare

21 Products.

22       19.    On November 8, 2016, Ms. Rose received correspondence from Humana

23 indicating that Humana was unilaterally terminating Ms. Rose's Agreement and that

24 Ms. Rose's relationship with Humana was being terminated effective immediately.

25       20.    The Agreement provides that the Agreement may be terminated without cause

26 by either party upon at least 30 days prior written notice, and in the event of such

27

28                                 3

1    termination, Ms. Rose would still be entitled to commissions for all existing insurance
2    clients where were still under contract with Humana for their insurance needs.

3        21.    The Agreement also provides that the Agreement can be terminated
4    immediately for cause under limited circumstances, and in the event the termination is for
5    "just cause," the independent agent's commissions for then existing business are subject to
6    forfeiture.

7        22.    In the November 8, 2016 correspondence, Humana failed to articulate any
8    basis for the termination of the Agreement, and certainly never provided any basis for a
9    "just cause" termination.

10       23.    Humana's failure to provide any basis whatsoever for the termination of the
11    Agreement constitutes a waiver of Humana's right to allege "just cause" as a basis for its
12    termination decision.
13

14       24.    Because Humana bas terminated the Agreement without just cause (or failed
15    to articulate what that just cause would be in its termination notice), Humana is in breach of
16    its obligations to Ms. Rose, including failure to remit payment for ongoing referral
17    commissions to Ms. Rose.

18       25.    Humana currently owes Ms. Rose for all ongoing premium commissions on
19    business that Ms. Rose has previously written for Humana.

20       26.    Humana's unilateral and wrongful termination of the Agreement occurred
21    during the open enrollment period for prospective insurance clients to enroll in a Medicare
22    Advantage plan.

23       27.    As a result of Humana's unilateral termination of Ms. Rose's producer
24    agreement, Ms. Rose was required to refer 175 of her clients to another agent for purposes
25    of securing necessary Medicare Advantage coverage for her clients.

26
27
28                                    4

1    28.    For the benefit of her clients, Ms. Rose referred the 175 clients to another

2    Humana approved agent for purposes of securing Medicare Advantage insurance plans of

3    her clients.

4    29.    As a result of Humana's wrongful termination of the Agreement, Ms. Rose

5    was deprived of the opportunity to receive commissions on the 175 clients that she referred

6    to another Humana approved agent.

7    30.    The anticipated commissions on the 175 clients that Ms. Rose would have

8    expected to receive for 2017 alone was in excess of $38,000.

9    31.    In addition to the 175 clients that Ms. Rose referred to another Humana

10   approved agent, Ms. Rose was not able to write insurance business for an additional 435

11   clients that she ultimately had to refer elsewhere. The anticipated yearly commissions for

12   the 435 clients that Ms. Rose was forced to refer elsewhere was approximately $100,000.00

13   for 2017 alone, although Ms. Rose would be entitled to commissions from Humana so long

14   as the client remained an insured with Humana.

15   32.    Since the termination of her relationship with Humana, Ms. Rose has

16   discovered that since 2010 to the present, Humana failed to pay commission to Ms. Rose for

17   existing insurance business she placed with Humana. The missed commission payments

18   that Humana failed to pay are in excess of $25,000. The failure to pay those commissions

19   constitutes an independent breach of the Agreement.

20

21                            **COUNT ONE**
22                          **(Breach of Contract)**

23   33.    Plaintiff realleges and fully incorporates herein by reference all prior

24   allegations set forth in the preceding paragraphs of the Complaint.

25   34.    Ms. Rose and Humana entered into the Producer Agreement whereby, among

26   other things, Ms. Rose would be entitled to commissions on insurance business that she

27   wrote for Humana.

28                                          5

35.   As set forth in greater detail above, Humana breached the terms of the Agreement by improperly terminating the Agreement and failing to pay Ms. Rose commissions that are still owed, and failing to pay commission on business that she had properly written before the termination date.

36.   As a direct and proximate result of the aforementioned Defendant's breaches of contract, Plaintiff has been damaged in an amount to be proven at trial.

37.   As this dispute arises out of the parties' contract, Plaintiff is entitled to an award of attorneys' fees pursuant to Ariz. Rev. Stat. § 12-341.01.

**COUNT TWO**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

38.   Plaintiff realleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

39.   A party to a contract has a duty to act fairly and in good faith.  This duty is implied by law and need not be in writing.

40.   This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.

41.   By the actions set forth in the proceeding paragraphs, Defendant breached the duty of good faith and fair dealing owed to Plaintiff.

42.   As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

43.   As this dispute arises out of the parties' contract, Plaintiff is entitled to an award of attorneys' fees pursuant to Ariz. Rev. Stat. § 12-341.01.

////
////

6

## COUNT THREE
### (In the Alternative, Unjust Enrichment/Quantum Meruit)

44.    Plaintiff realleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

45.    Plaintiff was impoverished by the Defendant's actions as described in previous paragraphs set forth above, which were not justified; and the Defendant has been and will be unjustly enriched at the expense of Plaintiff.

46.    As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer substantial harm from the Defendant's actions.

47.    It would be inequitable for Defendant to retain the benefits gained by its wrongful conduct without repaying the sums owed to Plaintiff.

48.    As this dispute arises out of the parties' contract, Plaintiff is entitled to an award of attorneys' fees pursuant to Ariz. Rev. Stat. § 12-341.01.

## COUNT FOUR
### (Interference with Business Expectancies)

49.    Plaintiff realleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

50.    As described in the preceding paragraphs, Plaintiff had valid business relationships with her customers and prospective customers related to the prospective sale of Humana insurance products. Plaintiff invested time and resources developing such business relationships. Plaintiff provided services to these customers and had a legitimate business expectancy of receiving payment for the prospective business she would write for Humana.

51.    Defendant had knowledge of Plaintiff's business relationship with its customers and the fact that Plaintiff had an expectancy of future business from those customers.

52.    As described in the preceding paragraphs, Defendant intentionally, improperly

7

1    and wrongfully interfered with Plaintiff's business relationship with her clients and
2    prospective clients by unilaterally terminating the Producer Agreement and thus depriving
3    Ms. Rose of the ability to place her clients and prospective clients in Humana Medicare
4    Advantage Plans.

5        53.    As a direct and proximate result of Defendant's intentional interference with
6    the business expectancy, Plaintiff has sustained damages in an amount to be proven at trial.

7        54.    Defendant's actions as described above, demonstrate that such actions were
8    intentional, wanton and reckless and showed ill will and demonstrated a reckless
9    indifference disregard for the rights of and owed to Plaintiff and that such actions were
10   outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against
11   Defendant.
12

13                              **PRAYER FOR RELIEF**

14       WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

15       A.    For an award of compensatory, general and special damages, and other
16   damages in an amount to be determined at trial;

17       B.    For an award of punitive damages and treble damages in an amount to
18   be determined at trial;

19       C.    All reasonable attorneys' fees and costs incurred in prosecuting this
20   action pursuant to Ariz. Rev. Stat. § 12-341.01 in an amount not less than $2,500.00.

21       D.    For post-judgment interest on all applicable amounts, at the highest
22   legal rate; and

23       E.    For such other and further relief as the Court deems just and
24   appropriate.

25

26   ////

27   ////

28                                       8

1    Dated this 1st day of May, 2017.

2                                    DAVIS MILES McGUIRE GARDNER, PLLC

3

4                                    By: _____

5                                        David W. Williams
                                         40 E. Rio Salado Parkway; Ste. 425
6                                        Tempe, AZ 85281
                                         *Attorneys for Plaintiff*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         9

ORIGINAL FILED 2 1 2017
DATE:
DONNA McQUALITY
Clerk of Superior Court
By: M FEICHTER
Deputy

**⚖ Davis Miles**
McGuire Gardner
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
David W. Williams, State Bar No. 22764
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| SHERRIN ROSE, an individual, | CASE NO. |
| Plaintiff, | **2 0 1 7 0 0 3 3 6** |
| vs. | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| HUMANA INSURANCE COMPANY, a Kentucky corporation, HUMANA HEALTH PLAN, INC., a Kentucky corporation, JOHN DOES 1 – X and JANE DOES 1 – X; ABC CORPORATIONS 1 – X; BLACK AND WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS 1 – X, | |
| Defendants. | |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

Dated this 1st day of May, 2017.

DAVIS MILES MCGUIRE GARDNER, PLLC

By: _David W. Williams_
David W. Williams
40 E. Rio Salado Parkway, Ste. 425
Tempe, AZ 85281
*Attorneys for Plaintiff*

1



# **Notice of Service of Process**

null / ALL
**Transmittal Number: 16675802**
Date Processed: 05/23/2017

| | |
|---|---|
| **Primary Contact:** | Elizabeth Monohan<br>Humana Inc.<br>500 West Main Street<br>Louisville, KY 40202 |
| **Electronic copy provided to:** | Joyce King<br>Kara Wort<br>Brian Bargender<br>Mary McGuire<br>Kara Vogelsang<br>Wendy Enfors<br>Eric Holdridge<br>Glicelda Bradford<br>Lori Mattingly<br>Dora Menard<br>Donna Whitt |

| | |
|---|---|
| **Entity:** | Humana Health Plan, Inc.<br>Entity ID Number 1884045 |
| **Entity Served:** | Humana Health Plan, Inc. |
| **Title of Action:** | Sherrin Rose vs. Humana Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Yavapai County Superior Court, Arizona |
| **Case/Reference No:** | 201700336 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 05/22/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | David W. Williams<br>480-733-6800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com